Nov. Term,<br>1845.<br><br>The State<br>v.<br>Johnson.

---

The State, on the Relation of Adams, Administrator, *v.* Johnson and Another.

If an administrator lend the money of the estate while there are debts to pay, without an order of the Probate Court, and the money be not repaid, he is guilty of waste.

If a Probate Court revoke letters of administration, it must be presumed, till the contrary appear, that the same Court had granted them.

For waste committed by an administrator, who has been removed from office, a suit (without a previous judgment against him) may be brought against him and his surety on the administration bond, on the relation of his successor.

ERROR to the *Dearborn* Circuit-Court.

Dewey, J.—This was an action of debt by the state, on the relation of *Adams*, administrator *de bonis non* of the estate of *G. Johnson*, against *M. Johnson* and *Lane*. The declaration contains two counts. The first count is on a bond for 800 dollars. The defendants craved *oyer* of the bond and of the condition thereof. The condition was, that *M. Johnson* should "truly and faithfully perform the duties and trusts committed to her, as the administratrix of *G. Johnson*, deceased, according to law;" and that she should "faithfully account for, and deliver over, the said estate to such person as the Probate Court of *Dearborn* county should appoint as administrator of said estate." Plea, performance "of all and singular the articles, clauses, payments, conditions, and agreements in the said condition" mentioned. Replication, that the defendants did not so perform, &c., but

Wednesday,<br>December 3.

Vol. VII.—67

Nov. Term,
1845.

THE STATE
v.
JOHNSON.

that *M. Johnson*, as the administratrix of the estate of *G. Johnson*, received 500 dollars in money belonging to the estate; which sum she negligently and unfaithfully loaned to one *Lane*, reserving no interest, and without an order of the Probate Court authorizing the loan; that she was subsequently removed from the trust of administration by the Probate Court of *Dearborn* county, and the relator appointed in her stead, as administrator *de bonis non* of the estate of *G. Johnson;* that the money so lent to *Lane* never was paid by him either to *M. Johnson* or to the relator; that there were liabilities against the estate, to the payment of which the money should have been applied, and which the relator could not meet for the want of that fund; and that by reason of this diversion of the assets of the estate from their proper use, *M. Johnson* had committed waste, &c. A second breach is assigned, varying from the first only in this, that 500 dollars are alleged to have been due to the estate on a certain note payable to the deceased, which note *M. Johnson* fraudulently placed in the hands of *Lane* for collection, with an understanding that he should retain the money when collected without interest; that he did collect it and retained it accordingly. The defendants demurred generally to the replication, and the demurrer was sustained.

The second count sets out the condition of the bond, and assigns breaches substantially like those contained in the replication to the plea to the first count, with an additional averment, that the relator had caused *M. Johnson* to be cited before the Probate Court of *Dearborn* county to settle her accounts, and that she made default. There was also a demurrer to the second count, which was sustained.

Final judgment for the defendants.

We do not perceive on what ground the judgment of the Circuit Court can be sustained. The matters alleged in the assignment of the breaches of the condition of the bond show malfeasance, or at least negligence, in *M. Johnson* in the discharge of her duties as administratrix. She had no authority to loan the money of the estate without an order of the Probate Court. R. S. 1838, p. 197. And the arrangement by which *Lane* was permitted to retain the money collected by him, which was virtually a loan, was equally unauthorized.

Any malfeasance or negligence on the part of an administrator, whereby the assets of an estate are lost, or rendered less valuable, or by which they are diverted from their proper uses to the injury of a creditor, or others interested, is waste, and may be alleged as such in a suit against the administrator and his surety, on his official bond. R. S. 1838, pp. 189, 190. R. S. 1843, p. 559. To loan the money of the estate without authority, while there are debts to pay, is a diversion of the assets from their proper use, and is within the above provision.

The reasons alleged by the defendants in error, in support of the decision of the Circuit Court, are, 1. That the declaration does not show by what Probate Court letters of administration were granted to *M. Johnson;* and that, consequently, it does not appear that the revocation of her letters by the Probate Court of *Dearborn* county was authorized; and, 2. That the recovery of a previous judgment against *M. Johnson* as administratrix should have been shown, to authorize an action on her official bond against her and her surety.

It is true that no Probate Court, except that from which letters of administration emanate, is empowered to revoke them. R. S. 1843, p. 509. But if a Probate Court does actually revoke letters of administration, it must be presumed that the same Court granted them until the contrary appear. And in this case the presumption is strengthened by the condition of *M. Johnson's* bond, one part of which is, that she should account, &c., to such person as the Probate Court of *Dearborn* county should appoint administrator in her place.

As to the second objection, it is sufficient to answer that the law is express, that on the removal of one administrator, and the appointment of another, the latter may maintain an action against the former on his official bond, for the abuse of his trust by waste, fraud, negligence, or other maladministration. R. S. 1843, p. 544. The statute of 1838, under which the bond on which this action is founded was taken, is substantially the same. R. S. 1838, p. 196. We have already shown that the acts of *M. Johnson,* set out in the assignments of the breaches of the condition of her bond, were a perversion of the assets of the estate from their proper use, and amounted, under the statute, to waste. We think the action

Nov. Term,
1845.

was well brought, and that the demurrers should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. S. Major* and *I. H. Kiersted*, for the plaintiff.

*J. Ryman*, for the defendants.